UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL MASON**, on behalf of himself and others similarly situated**,** | : : : | |
| Plaintiff, | : : | CASE NO. 2:25-cv-1321 |
| **v.** | : : | JUDGE |
| **TRINITY HEALTH SYSTEM**, c/o CT Corporation System | : : | MAGISTRATE JUDGE |
| 4400 Easton Commons Way Suite 125 Columbus, OH 43219 | : : : : | JURY DEMAND INCLUDED HEREON |
| Defendant. | : | |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiff Paul Mason ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective Action Complaint against Defendant Trinity Health System ("Defendant") for its failure to pay employees overtimes wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on Named Plaintiff's personal knowledge and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is incorporated in the state of Ohio, has its principal place of business in this District, and a substantial

part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of Ohio.

4. Named Plaintiff has worked for Defendant at its Twin City hospital in Dennison, Ohio, as an hourly, non-exempt employee as defined in the FLSA as a Security Guard from approximately August 2024 to the present.

5. At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendant.

6. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendant

7. Defendant is a domestic non-profit corporation organized under the laws of the State of Ohio. Defendant is in the business of operating a system of hospitals and healthcare providers in Ohio.

8. At all relevant times, Defendant has been an "employer" as the FLSA defines that term due to its employment of Named Plaintiff and those similarly situated as described herein.

9. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees. In doing so, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

10. At all relevant times, Defendant has had the authority to hire and fire employees,

supervise and control employees' work schedules and work conditions, determine the rate and method of pay, and/or maintain employee records.

11. At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

12. During all relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime.

13. Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

14. Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (excluding excise taxes at the retail level).

15. Based on information and belief, Defendant has been fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States.

### III. FACTUAL ALLEGATIONS

#### A. Unpaid Overtime Due to Unpaid Pre-Shift Work.

16. Defendant is a health system that provides a variety of services to a service area of just over 200,000 individuals.[1]

---

[1] *Who We Are*, TRINITY HEALTH SYSTEM, https://trinityhealth.com/who-we-are/ (last visited November 14, 2025).

17. At all times relevant, Named Plaintiff and other similarly situated security officers or security personnel ("officers") have been "employees" as defined in the FLSA.

18. At all times relevant, Defendant employed Named Plaintiff and other similar situated officers in a non-exempt, hourly capacity.

19. At all times relevant, Named Plaintiff and other similarly situated officers have worked, or were scheduled to work, 40 or more hours in one or more workweek(s).

20. Defendant's officers are responsible for providing security and safety services at Defendant's hospitals and facilities.

21. Among other duties, the officers provide security and manage potentially violent, disruptive, hazardous, and emergency situations through preventative patrol, investigation, and complaint resolution.

22. At the beginning of each shift, prior to clocking in, Defendant requires Named Plaintiff and other similarly situated officers to "gear up" onsite. Named Plaintiff and other similarly situated officers are not permitted to "gear up" prior to their arrival at Defendant's facilities. The "gear up" process includes, but is not limited to, acquiring their acquiring their taser from a locker, obtaining their pepper spray from a locker, obtaining their radio, and turning on their computer. The items which are donned during the "gear up" process are stored on Defendant's premises.

23. Named Plaintiff and other similarly situated officers worked alone while on shift, therefore being properly and fully equipped with all the necessary and required gear, such as a radio, taser, and pepper spray is necessarily tied to the officers' work of providing security and maintaining safety. Accordingly, gearing up is integral and indispensable to the principal job activities of an officer.

24. Defendant requires Named Plaintiff and other similarly situated officers to be fully "geared up" before clocking in so that they are prepared to patrol and respond to emergency calls once they are on the clock.

25. After clocking in, Named Plaintiff and other similarly situated officers begin patrolling and/or otherwise respond to any emergency calls or situations.

26. Defendant maintains a policy or practice that does not pay employees for all time spent performing pre-shift activities and accordingly does not compensate them for all time spent performing integral and indispensable work activities.

27. As a result, Named Plaintiff and other similarly situated hourly officers were not paid overtime wages for all overtime work performed because Defendant's policies and/or practices require pre-shift activities for which Defendant failed to fully compensate Named Plaintiff and other similarly situated hourly officers.

**B.      Unpaid Overtime as a Result of Defendant's Meal Break Policy.**

28. In addition to maintaining a policy or practice whereby Defendant unlawfully fails to fully compensate its hourly officers for all time spent performing pre-shift activities, Defendant requires a daily meal break deduction from its hourly officers' hours worked. Defendant requires a daily meal break deduction regardless of whether its officers are fully relieved from compensable job duties for 30 minutes or not. However, Named Plaintiff and other similarly situated officers regularly did not receive bona fide meal periods because their "meal breaks" were missed or otherwise interrupted by work.

29. Consequently, Named Plaintiff and similarly situated officers were not completely relieved of substantive work duties for 30 minutes because of the time they continued performing work during their "meal break."

30. Accordingly, Defendant regularly improperly deducted 30 minutes from Named Plaintiff's and other similarly situated officers' daily hours worked, resulting in unpaid overtime.

31. During relevant times, Defendant suffered or permitted Named Plaintiff and those similarly situated to work more than 40 hours per workweek while not compensating them for all such hours worked over 40 at a rate of at least one-and-one-half times (1.5x) their regular rates of pay as a result of Defendant's companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated hourly officers.

32. Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

33. Defendant had actual or constructive knowledge that it was not compensating Named Plaintiffs and other similarly situated officers for all hours worked.

34. Defendant acted willfully regarding its conduct described herein.

35. The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

36. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

37. Defendant failed to track, maintain, or transmit the hours accurately worked each

day by Named Plaintiff and other similarly situated officers.

38. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which did not include all work performed, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated officers.

39. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

40. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

41. Defendant is in possession and control of the necessary documents and information from which Named Plaintiff would be able to calculate damages, and/or it otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

42. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself, and all other similarly situated officers of the opt-in collective, consisting of:

> **All current and former hourly security employees who worked 40 or more hours in at least one workweek employed by Defendant at any of its locations within the three years preceding this action. (the "FLSA Collective" or the "FLSA Collective Members").[2]**

43. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous officers are similarly situated with

---

[2] Named Plaintiff reserves the right to amend the FLSA Collective definition as the case proceeds.

regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as his own in bringing this action.

44. These similarly situated officers are known to Defendant and are readily identifiable through Defendant's records. These individuals may be readily notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the collective adjudication of their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

V. **CAUSES OF ACTION**

**COUNT I:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

45. All the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

47. The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

48. During the three years preceding the filing of the initial Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

49. Named Plaintiff and the FLSA Collective Members regularly worked more than 40 hours in various workweeks.

50. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them for overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

51. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq.*

52. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

53. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

55. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Promptly directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the FLSA Collective Members;

B. Promptly directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective Members;

  C. Directing prompt issuance of notice to the FLSA Collective Members, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

  D. Tolling the statute of limitations for all members of the FLSA Collective from the date on which this matter was initially filed until the date on which they file consents to join;

  E. Finding that Defendant failed to keep accurate records in accordance with the FLSA and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

  F. Awarding to Named Plaintiff and the FLSA Collective unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

  G. Awarding to Named Plaintiff and the FLSA Collective disbursements and reasonable allowances for fees as well as reimbursement of costs and expenses;

  H. Awarding to Named Plaintiff and the FLSA Collective such other and further relief as the Court deems just and proper; and

  I. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

  J. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

             Respectfully submitted,

             **COFFMAN LEGAL, LLC**

             */s/ Matthew J.P. Coffman*
             Matthew J.P. Coffman (0085586)
             Adam C. Gedling (0085256)
             Tristan T. Akers (0102298)

        1550 Old Henderson Rd
        Suite #126
        Columbus, Ohio 43220
        Phone: 614-949-1181
        Fax: 614-386-9964
        Email: mcoffman@mcoffmanlegal.com
           agedling@mcoffmanlegal.com
           takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman